IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30048 |
| | ) | |
| MARIO BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Mario Brown's sentencing hearing held February 6, 2006.  Brown was present in person and through his counsel, Assistant United States Public Defender Karl Bryning.  The Government was present through Assistant United States Attorney Gregory Gilmore.  On November 4, 2005, United States District Judge Richard Mills accepted Brown's open plea of guilty to Count 1 of the Indictment which charged him with possession with the intent to distribute a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1).  Upon Brown's plea, the Government moved to dismiss Court 2 of the Indictment, and the matter proceeded to sentencing.  Pursuant to the January 27, 2006,

Text Order entered by Chief Judge Michael McCuskey, the case was reassigned to this Judge.

The Court received a Revised Presentence Report (PSR), dated January 19, 2006, prepared by the United States Probation Office. Defendant Brown voiced a personal objection to ¶ 10 of the PSR, but presented no evidence to support his objection. For the reasons stated of record, the Court denied Brown's objection. There were no other objections, and thus, the Court accepted the PSR as written and adopted its findings.

Brown was held accountable for 113.4 grams of cocaine base, resulting in a base offense level of 32. U.S.S.G. § 2D1.1(a)(3). Brown received a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. Accordingly, Brown's final criminal offense level was 29. Brown had five criminal history points, placing him in Category III. An offense level of 29 and criminal history Category III results in a U.S.S.G. sentencing range of 108 to 135 months imprisonment in Zone D of the Guideline range.[1]

THEREFORE, after considering the case file, including Brown's

---

[1] The Court notes that the U.S.S.G. are advisory, pursuant to United States v. Booker, 125 S.Ct. 738 (2005).

Sentencing Commentary (d/e 17), the PSR, the statements of counsel, the evidence submitted, Brown's own statement, the applicable sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Brown to 108 months imprisonment.  Brown was ordered to pay a $100 special assessment, due immediately, but based on Brown's financial profile, the Court imposed no fine.  The Court ordered Brown to serve a period of three years of supervised release following his release from prison.  The Court advised Brown of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER:   February 7, 2006.

       FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE